IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| THOMAS SWEENEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 21-cv-0204 |
| | ) |
| PETER P. M. BUTTIGIEG, SECRETARY | ) |
| OF THE DEPARTMENT OF | ) |
| TRANSPORTATION, IN HIS OFFICIAL | ) |
| CAPACITY ONLY, | ) |
| | ) |
| Defendant. | ) |

## Memorandum Opinion

THIS MATTER comes before the Court on Defendant's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

Plaintiff, proceeding pro se, entered on duty with the FAA on August 5, 2009, as an Air Traffic Control Specialist in Training ("ATCS-IT"). Plaintiff joined the Washington Air Route Traffic Control Center ("Washington Center") in Leesburg, Virginia on December 14, 2009. On April 16, 2013, after approximately three-and-a-half years at Washington Center, Plaintiff alleges that Raymond Mittan, Washington Center's Support Manager for Training, delivered a memo to Plaintiff in informing Plaintiff that his technical training was being terminated. Because of this decision, Plaintiff admits that he had only two options: transfer to another, lower-grade facility

1

or face removal from the FAA. In July 2013, the FAA's National Employee Services Team, which "reviews all [ATCS-ITs] whose training was terminated at a facility," offered Plaintiff an opportunity to transfer to another facility with a lower grade and lower pay. Plaintiff transferred to this facility—the Harrisburg Tower in Middletown, Pennsylvania—on December 4, 2013.

Before his transfer became effective, Plaintiff alleges that he filed an informal sex discrimination charge with the FAA's Office of Civil Rights ("OCR") on October 7, 2013. The purported basis for this charge was that Mittan had reset the on-the-job training ("OJT") hours of two female ATCS-ITs, to whom Plaintiff contends he was similarly situated. Following a determination that there had been no discrimination, Plaintiff filed a formal complaint with the FAA on February 7, 2014. The agency accepted this complaint, investigated, and likewise concluded that no discrimination had occurred. Plaintiff appealed this decision to the Merit Systems Protection Board ("MSPB"). There, the administrative judge determined that Plaintiff's transfer to Harrisburg Tower was "voluntary" and, accordingly, that the MSPB lacked jurisdiction to review it. See Sweeney v. MSPB, 776 F. App'x 788, 791 (4th Cir. 2019) ("Sweeney I"). Plaintiff then sought further review before the full MSPB, which affirmed the administrative judge's decision.

2

Having exhausted his administrative remedies, Plaintiff filed a federal lawsuit on November 18, 2016. Initially, he petitioned for review in the United States Court of Appeals for the Federal Circuit, however, the Federal Circuit transferred the case to the United States District Court for the Eastern District of Virginia. The MSPB moved to dismiss. This Court granted the MSPB's motion, holding that the MSPB had correctly determined that Plaintiff's transfer was voluntary and that the MSPB therefore lacked administrative jurisdiction to consider Plaintiff's allegations concerning his transfer. Id. at 792; see generally Order, Sweeney v. MSPB, No. 1:17-cv-0926 (E.D. Va. Mar. 13, 2018). Plaintiff, after losing a motion for reconsideration, appealed to the United States Court of Appeals for the Fourth Circuit. Plaintiff contended that the district court had erred in concluding there was no genuine issue of material fact as to whether his transfer was voluntary. See Id. at 794. The Fourth Circuit rejected this argument. The court held that requiring Plaintiff to choose between reassignment and possible termination did not make his selection of the former involuntary:

> Although [Plaintiff] had to choose between the unattractive options of participating in termination proceedings or being reassigned to Harrisburg, he was still presented with a choice. Both the Federal Circuit and the MSPB have repeatedly held that "the fact that an employee is faced with an unpleasant situation or that his choice is limited to two

3

>unattractive options does not make the employee's decision any less voluntary."

Id. at 795 (quoting Staats v. U.S. Postal Serv., 99 F.3d 1120, 1124 (Fed. Cir. 1996)). The Fourth Circuit accordingly affirmed the district court's dismissal in its entirety. Id. at 796. The Supreme Court denied certiorari on December 16, 2019. Sweeney v. MSPB, 140 S. Ct. 661 (Mem.)(2019).

While his first charge was wending its way through the administrative process, Plaintiff filed a second informal discrimination charge with the OCR regarding the termination of his training and subsequent transfer. This second charge, filed on September 14, 2014, asserted a new theory as to why Washington Center officials terminated his training and offered him an opportunity to transfer to Harrisburg: Mittan, allegedly in retaliation for Plaintiff's administrative complaint against Mittan, allowed another ATCS-IT, Greg Bhola—but not Plaintiff—to receive supplemental training in November 2013. This theory forms the basis of Plaintiff's instant complaint.

Plaintiff filed this action on February 22, 2021. He asserts a single count of retaliation under Title VII, 42 U.S.C. § 2000e-16(a). He alleges that his October 2013 informal complaint to OCR was protected activity, and that in retaliation for that activity, Mittan "allow[ed] a similarly situated employee to receive supplemental proficiency OJT outside of the

4

FAA's [p]olicies and [p]rocedures" and then "block[ed] the grievance procedures that would have granted [Plaintiff] the same training," resulting in Plaintiff's transfer to Harrisburg in lieu of a proposal to remove him from federal employment.

A motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). To pass this test, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level," which requires the plaintiff to allege sufficient facts "to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007). This standard demands "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Giarratano v. Johnson, 521 F.3d 298, 304 (4th Cir. 2008) (quoting Twombly, 550 U.S. at 555). In considering a Rule 12(b)(6) motion, therefore, a court need not accept "conclusory allegations regarding the legal effect of the facts alleged." Labram v. Havel, 43 F.3d 918, 921 (4th Cir. 1995); accord Twombly, 550 U.S. at 555. Rather, the court should only "assume the facts alleged in the complaint are true and draw all reasonable factual inferences in [the plaintiff's] favor." Burbach Broad. Co. of Del. v. Elkins Radio Corp., 278 F.3d 401, 406 (4th Cir. 2002).

5

Plaintiff's claim fails at the outset because it is barred by res judicata. "Under res judicata principles, a prior judgment between the same parties can preclude subsequent litigation on those matters actually and necessarily resolved in the first adjudication." Covert v. LVNV Funding, LLC, 779 F.3d 242, 246 (4th Cir. 2015) (quoting In re Varat Enters., Inc., 81 F.3d 1310, 1314-15 (4th Cir. 1996)). "For the doctrine of res judicata to be applicable, there must be: (1) a final judgment on the merits in a prior suit; (2) an identity of the cause of action in both the earlier and the later suit; and (3) an identity of parties or their privies in the two suits." Pueschel v. United States, 369 F.3d 345, 354-55 (4th Cir. 2004). All three requirements are met here.

Sweeney I was a final judgment on the merits of Plaintiff's claims. In Sweeney I, this Court "entered final judgment in favor of the Defendant, dismissing Plaintiff's claims." Hill v. SJV, LLC, 2017 WL 4476840, at *2 (E.D. Va. July 28, 2017), aff'd, 699 F. App'x 191 (4th Cir. 2017). "As determined by Rule 41(b) and recognized within the Fourth Circuit, unless Plaintiff's claims were dismissed for lack of jurisdiction, the previous case was decided on the merits." Id. Plaintiff's claims in Sweeney I were dismissed for failure to state a claim, not for lack of jurisdiction, and thus the Court's final judgment was on the merits. See, e.g., Federated Dep't Stores, Inc. v.

6

Moitie, 452 U.S. 394, 399 n.3 (1981); see also Order, Sweeney v. MSPB, No. 1:17-cv-0926 (E.D. Va. Mar. 13, 2018). The Fourth Circuit affirmed that judgment in all respects, and the Supreme Court denied certiorari. The first res judicata element accordingly is fulfilled.

The second element of res judicata requires "an identity of the cause of action in both the earlier and the later suit." Pueschel, 369 F.3d at 354-55. "The determination of whether two suits arise out of the same cause of action, however, does not turn on whether the claims asserted are identical." Id. at 355. "Rather, it turns on whether the suits and the claims asserted therein 'arise out of the same transaction or series of transactions or the same core of operative facts.'" Id. (quoting Varat Enters., 81 F.3d at 1316). Critically here, therefore, "[r]es judicata bars not only those claims that were actually raised during prior litigation, but also those claims that could have been raised." Covert, 779 F.3d at 247. Plaintiff's sole claim here falls into the latter category because it clearly arises from "the same transaction or series of transactions" and "the same core of operative facts" as his original lawsuit. As evident from the complaint in Sweeney I, Plaintiff's claims there arose from the same termination of his training and the same transfer to Harrisburg Tower at issue in this case. And as in this case, Plaintiff alleged in Sweeney I that he did not

7

receive "training procedures" made available to others. The only distinction is that, in Sweeney I, Plaintiff alleged that the training disparity resulted from sex discrimination, whereas here he claims that the denial of training opportunities was retaliatory. As the Fourth Circuit has repeatedly held, a litigant cannot avoid res judicata simply by pleading a "different theory" by which he could obtain relief on the same set of events. See Harnett v. Billman, 800 F.2d 1308, 1314 (4th Cir. 1986) ("Claims may arise out of the same transaction or series of transactions even if they involve different harms or different theories or measures of relief."); see also Saunders v. McAuliffe, 2016 WL 1071015, at *6 (E.D. Va. Mar. 17, 2016) ("Advancing 'different harms or different theories or measures of relief' cannot defeat identity among the causes of action" for purposes of res judicata.)

The events underlying Plaintiff's retaliation claim even "occurred during the same time period as the other discrimination alleged in [Sweeney I]." Perry, 2009 WL 1350470, at *6. The Sweeney I complaint was based on events leading up to the termination of Plaintiff's training (in April/May 2013) and between that termination and his transfer to Harrisburg Tower (in December 2013). The alleged retaliation in this case likewise occurred within that time frame: Plaintiff alleges Bhola received his extra training in November and possibly

8

December 2013. Further, Plaintiff admits that he learned of Bhola's training no later than July 31, 2014—more than two years before petitioning the Federal Circuit for review and more than three years before filing his complaint in Sweeney I. His present claim therefore "could have been brought in [Sweeney] I," and any "differences in pleading" between the two actions, such as asserting retaliation rather than sex discrimination, "do not save [his] claim[]." Lamb v. Modly, 2021 WL 1198158, at *8 (D. Md. Mar. 30, 2021); see Perry, 2009 WL 1350470, at *6 (res judicata barred claim that "'might have been presented' during Plaintiff's first discrimination case" (quoting Varat Enters., 81 F.3d at 1315)).

The final res judicata element is "an identity of parties or their privies in the two suits." Pueschel, 369 F.3d at 355. In other words, the parties in the two suits need not be identical as long as there is privity between them. See Kayzakian v. Buck, 865 F.2d 1258, 1988 WL 138438, at *1 (4th Cir. 1988) ("Strangers to prior litigation can plead estoppel based on privity."). As relevant here, "[t]here is privity between officers of the same government so that a judgment in a suit between a party and a representative of the United States is res judicata in relitigation of the same issue between that party and another officer of the government." Sunshine Anthracite Coal Co. v. Adkins, 310 U.S. 381, 402-03 (1940). It

9

is therefore immaterial that Plaintiff named the MSPB as the defendant in his first action and the Secretary here—there is privity between them as a matter of law. Kayzakian, 1988 WL 138438, at *2("Privity exists where a plaintiff attempts to relitigate the same claim by naming different governmental entities and employees as defendants."); see also Kentucky v. Graham, 473 U.S. 159, 168 (1985) (holding that suit against government official in official capacity is nothing more than a suit against the government).

For the foregoing reasons, all three elements of res judicata are satisfied here, meaning that Plaintiff's claim is barred. It is hereby ORDERED that Defendant's Motion to dismiss is GRANTED.

/s/ Claude M. Hilton
CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
April 18, 2022

10